Eastern District of Kentucky
F I L E D

APR 2 6 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-319-GWU

CALVIN WARREN,                                                          PLAINTIFF,

VS:                                    MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT,

INTRODUCTION

Calvin Warren originally brought Warren v. Barnhart, London Civ. A. No. 02-620 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of February 27, 2004 (Tr. 406-416), it is again before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

1

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.  If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d

2

654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.

3

Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an

4

occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Warren, a 40 year-old former self-employed mechanic and newspaper insert-operator with a "limited" education, suffered from impairments related to chronic low back pain syndrome, herniated L5-S1 with nerve irritation, degenerative disc disease and arthritis, complaints of neck, back, shoulder, wrist, knee and leg pain, a history of right meniscal tear and surgery, a depressive disorder, and an anxiety disorder. (Tr. 381-382). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 393). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 393-394). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 392).

5

After review of the evidence presented, the undersigned concludes that the administrative decision is still not supported by substantial evidence. However, the current record does not mandate an immediate award of Social Security benefits. Therefore, the undersigned must once more reverse and remand the action to the Commissioner for further consideration.

This action was previously reversed and remanded to the Commissioner because the ALJ failed to properly evaluate Warren's mental impairment. (Tr. 415-416). Psychologist Kenneth Starkey (Tr. 181-189), an examining consultant, indicated the existence of "serious" mental problems. Dr. Stephen Spady, a treating source, also reported a "severe" limitation concerning dealing with work stresses. (Tr. 325-326). Psychologists Ilze Sillers (Tr. 236-237) and Jay Athy (Tr. 266-267) each identified a number of "moderate" mental restrictions including such areas as (1) understanding, remember and carrying out detailed instructions, maintaining attention and concentration for extended time periods, interacting appropriately with the general public, responding appropriately to changes in the work setting. None of these limitations were presented to the vocational expert. (Tr. 416).

Following the remand, Psychologist Kenneth Starkey again examined Warren. Starkey diagnosed a pain disorder with alcohol and cannabis dependence in full remission. (Tr. 470). While the examiner indicated less severe mental problems than following his prior examination, he did opine that the plaintiff would need at least six months of mental health treatment before he would be psychologically rendered fit for gainful employment. (Tr. 471). "Without such treatment, Mr. Warren's prognosis for being able to sustain gainful employment at any future time remains guarded." (Tr. 471). Thus, Starkey's second report was somewhat speculative in stating whether the claimant could

6

return to work activity.

Dr. J. James, a treating family physician, opined that Warren would not be able to perform even low stress jobs. (Tr. 484). Thus, this opinion also does not support the administrative decision.

Psychologist John Davis testified at the administrative hearing as a medical advisor. Davis indicated that the record did not reveal that a Listing section had been met or equaled and opined that the plaintiff's mental problems were not in and of themselves totally disabling. (Tr. 514-515). The advisor also testified that he had reviewed the record and stated that he agreed with the findings made in Exhibits 9f, 10f, and 13f, the opinions of the medical reviewers. (Tr. 514). Thus, Davis would appear to have been in agreement with the "moderate" mental limitations indicated by the reviewers.

The hypothetical question presented to Vocational Expert Anne Thomas included such mental factors as a limitation to simple, routine tasks but able to adapt to routine changes and relate adequately to others in such a setting. (Tr. 518-519). However, the record clearly suggests the existence of more severe mental limitations. Therefore, a second remand of the action will be required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___26___ day of April, 2006.

G. WIX UNTHANK
SENIOR JUDGE

7